Roe *v.* St. Louis Southwestern Railway Company.

4-7000                                    168 S. W. 2d 1112

Opinion delivered March 8, 1943.

*J. C. Brookfield,* for appellant.

*Lamb & Barrett,* for appellee.

ROBINS, J.    In the lower court appellant asked damages in the sum of $2,985 against appellees for injuries sustained by appellant on June 13, 1941, while appellant was employed by appellees as a section hand.  He alleged in his complaint that appellees' foreman directed him to put in a new crosstie ''without giving him necessary tools and a safe place to work or assistance,'' and that while performing this work the tie hook which he was using slipped and the soft gravel in the dump gave way causing him to fall and the tie to strike appellant's left ankle.  By their answer appellees denied the material allegations of the complaint, and asserted the defenses of contributory negligence and assumed risk.  At the conclusion of appellant's testimony the court directed the jury to return a verdict in favor of appellees, and from the judgment entered thereon this appeal is prosecuted.

In determining on appeal the correctness of the action of a trial court in directing a verdict, the testimony must be given the strongest probative force in favor of the party against whom the verdict is directed that it will reasonably bear; and, if there is any substantial testimony to support a verdict in favor of such party, it is error for the trial court to direct a verdict against him. *LaFayette* v. *Merchants' Bank,* 73 Ark. 561, 84 S. W. 700, 68 L. R. A. 231, 108 Am. St. Rep. 71; *Gilkey* v. *Louisiana & Arkansas Railway Company,* 103 Ark. 231, 146 S. W. 497.

In the case at bar, no witness, except the appellant himself, testified as to the manner in which he received his injury, and the only question to be determined by us is whether or not, under appellant's testimony, giving it its strongest probative force in favor of appellant, there was substantial evidence to support a recovery by him. The appellant gave the following version of the accident: "I got the tongs and hooked the tie and pulled that as hard as I could and the tie didn't move. It was oversize and the second time I pulled I pulled hard as I could absolutely and my feet slipped and I fell twelve inches to the ground and the left-hand corner of the crosstie hit me here." . . . He further testified that the foreman told him to "rush out of it"; that by this the foreman meant "we had to get that tie in by the time the push cars came, which would be in about fifteen minutes." Appellant also stated: "I started to pull the tie up the hump, it was so heavy I couldn't pull it. My feet slipped. I set them here the best I could and pulled as hard as I could and at first it didn't come and I had to pull again and when I did I pulled it about a foot and when I did my foot slipped and it fell on me. . . . When I slipped in the loose gravel the tongs slipped off the tie, both at the same time." While appellant testified that the tongs had not been properly sharpened, it will be noted that he did not assert that the slipping of the tongs caused him to fall, but said that his foot slipped in the loose gravel causing him to fall and causing the tongs to become disengaged from the tie at the same time.

The facts in this case are similar to those in the case of St. Louis, I. M. & S. Ry. Co. v. Goins, 90 Ark. 387, 119 S. W. 277, in which Goins, a machinist's helper in the railroad company's repair shops, recovered damages in the circuit court against his employer for an injury which occurred by reason of his foot slipping in a shallow ditch while he was lifting a heavy cylinder head. Goins was working under the directions of the foreman, who, according to Goins' testimony, insisted on him hurrying with his work to such an extent that Goins did not ob-

serve the soft condition of the ground. This court in that case reversed the judgment of the lower court, holding that no negligence on the part of the railroad company had been proved. The rule announced in that case is controlling in the case at bar. Appellant's injury did not result, according to his own statement, from any situation created by the negligence of the employer, but was caused either by the great force exerted by the appellant in pulling the tie, or by the loose gravel on which appellant had place his feet giving way, or by both. The trial court, therefore, did not err in instructing the jury to return a verdict in favor of appellees. The judgment of the lower court is accordingly affirmed.